[No. 39884. Department Two. February 20, 1969.]

STUART C. DINGWALL, *Appellant*, v. DAVID ARTHUR McKERRICHER *et al., Respondents.*\*

\*Reported in 450 P.2d 947.

*Delbridge, Christie & Thompson,* by *W. L. Delbridge,* for appellant.

*Julin, Fosso & Sage* and *Eugene H. Sage,* for respondents.

HILL, J.—This was an action to recover for personal injuries by one plaintiff, consolidated with an action for damages to an automobile by another plaintiff.

Three teenagers, including the injured plaintiff, were pushing an MG (owned by the other plaintiff who was in the driver's seat) in the outer southbound lane on Fourth Avenue South[1] in Seattle when a Volkswagen traveling in the same lane hit the MG from behind, crushing one of the boys (the injured plaintiff) between the two cars.

This action against the driver of the Volkswagen was submitted to the jury on two issues—the negligence of the driver of the Volkswagen (the defendant, David McKerricher[2]), and the contributory negligence of the plaintiffs. The jury brought in a verdict for the defendants and a judgment of dismissal was entered.

The injured plaintiff has appealed on a short record.

There is no suggestion that the evidence is not sufficient to support a finding of contributory negligence. There are but two assignments of error and they relate to the failure to give requested instructions.

It is urged that the trial court should have given WPI 12.06, *i.e.,* "One is charged with the duty of seeing that which he would have seen had he been exercising ordinary care."

We held that such an instruction was inappropriate in *Landeis v. Poole,* 69 Wn.2d 515, 418 P.2d 717 (1966), also a rear-end collision case. We have here a situation where three pedestrians were pushing a small sports car down

---

[1] There were four lanes of traffic; two each way on Fourth Avenue South, with a 20-foot asphalt shoulder adjacent to the lane in which the MG was being pushed.

[2] Mrs. McKerricher was also made a defendant.

an arterial highway between 10:30 and 11 p.m., and their positions were such that the tail lights of the sports car were at times obscured.

The obvious issue, so far as the liability of the defendant is concerned, is whether a reasonably careful person under the same or similar circumstances would have seen the three pedestrians pushing the MG in time to have avoided hitting them or it. The jury was adequately instructed as to the pedestrians' and the driver's responsibility in such a situation.

The defendant's testimony was that he was driving at a speed of 30 to 35 miles per hour (a lawful speed) and was about 60 feet from them when he first saw the boys pushing the MG. He put on his brakes, but couldn't stop in time to avoid hitting the MG and one of the boys, though he stopped with the impact.

In a case like the one now before us, it is a good argument that the driver coming from behind should have seen what was obviously present on the highway, but it is neither a necessary nor even a desirable instruction.[3] Appellant cites no case or text authority in support of his position that it should have been given under the circumstances present in this case.

The comment in WPI suggests that the instruction is not proper when the thing to be seen is a hazard which the approaching person has no reason to anticipate. We are satisfied that three boys pushing an MG down an arterial street in the nighttime is an unanticipated hazard.

It is also urged that the trial court should have given WPI 10:05:

> In considering the claimed negligence of a child, you are instructed that it is the duty of a child to exercise the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances.

---

[3]It would seem that if given here it would become a stock instruction in all rear-end collision cases; certainly a rear-ended car is there to be seen.

■ The plaintiff, Stuart Dingwall, was 17 years old at the time and the only one of the teenagers to sustain personal injuries. He had been regularly employed at the Lockheed Shipyard in Seattle before he was injured. Courts generally hold that the issue of a plaintiff's minority should not be submitted to a jury if it is apparent that the plaintiff was old enough to appreciate the peril to which he submitted himself. See an extensive survey of our cases in *Graving v. Dorn*, 63 Wn.2d 236, 386 P.2d 621 (1963).

The North Carolina Supreme Court has said:

> A seventeen-year old plaintiff is presumed to have sufficient capacity to understand and avoid a clear danger, and he is chargeable with contributory negligence as a matter of law if he fails to do so. (Citing numerous cases.) *Burgess v. Mattox*, 260 N.C. 305, 307, 132 S.E.2d 577, 578 (1963).

We have made substantially the same holding with reference to an 18-year-old; *Colwell v. Nygaard*, 8 Wn.2d 462, 112 P.2d 838 (1941).

■ Appellant cites no cases to support his contention that the requested instruction should have been given, and suggests no lack of capacity or intelligence which would make such an instruction applicable.

The legislature authorizes minors 15½ years of age to drive automobiles under certain conditions (RCW 46.20-.055), and it would seem that it requires less capacity and intelligence to be a pedestrian than to drive an automobile.

The trial court did not err in refusing to give the instructions requested. The judgment appealed from is affirmed.

HUNTER, C. J., ROSELLINI and NEILL, JJ., and ARMSTRONG, J. Pro Tem., concur.