**Richard William Burns b/n/f Paul Burns**
**v. Dorothy C. Bombard**

[260 A.2d 219]

No. 32-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Wick, Dinse & Allen,* Burlington, for Plaintiff.

*Coffrin & Pierson,* Burlington, for Defendant.

**Barney, J.** The impact of the motorcycle on her right front fender, with rider and passenger catapulted across the hood to the left side of the street, was the first inkling the defendant had that an accident was to happen. The suit was brought by the injured operator of the motorcycle, went to trial, and resulted in a defendant's verdict. The plaintiff has appealed.

Many of the crucial facts are controverted by completely contradictory testimony from witnesses who saw all or part of the actual accident. Indeed, there is little question but what the essential facts were so much in dispute as to require submission to a jury. But a description of the accident is possible.

North Avenue is a principal street running generally northerly out of the City of Burlington to certain residential areas. The defendant, Mrs. Bombard, with a car full of children, was waiting at a stop sign on an intersecting street, Shore Road, on the west side of North Avenue. She intended to cross North Avenue and enter Heineberg Road. Although Shore Road and Heineberg Road are more or less opposite each other, that opposition is not exact in that a car going across North Avenue to enter Heineberg Road from Shore Road has to angle slightly to its left. Mrs. Bombard waited for traffic to clear before crossing North Avenue. A Mr. Ploof, coming northerly on North Avenue, turned right into Heineberg Road, and Mrs. Bombard, seeing no approaching traffic, crossed North Avenue and entered Heineberg Road behind him. It was just as the front of her car entered Heineberg Road that the impact occurred.

As a consequence of the accident and injuries both the plaintiff motorcycle operator and his passenger have no recollection of the events leading up to the collision. Witnesses at the scene place the motorcycle in various locations. Some say it came northerly down North Avenue, and thus was to Mrs. Bombard's right behind Mr. Ploof. Others have it coming westerly on Heineberg Road ahead of Mrs. Bombard and toward her, but apparently on her right side of the street as she entered it. Neither Mr. Ploof or the defendant, Mrs. Bombard, saw the motorcycle at any time prior to impact.

Since the matter was so much in dispute, the plaintiff sought to introduce a right front fender which was claimed to be the Bombard fender. Offered on that ground, it was objected to as not properly authenticated, and excluded. It was then offered as a model or representation of the damaged fender, all for the purpose of demonstrating the place and angle of impact. This offer was also rejected and the fender excluded.

The preliminary question of the adequacy of the foundation laid by the evidence for the purpose of making this exhibit admissible on either ground is conceded to be for the trial court and not ordinarily subject to review.

■ For this Court to interfere with the determination below the complaining party must demonstrate that the ruling amounts to an abuse of discretion. *Knight* v. *Willey,* 120 Vt.

256, 262–3, 138 A.2d 596. The exhibit in this case was neither positively identified nor unqualifiedly acknowledged to exhibit the identical damage done by the accident. In such a case the ruling below must stand.

We agree with the defendant, furthermore, that with the proposed exhibit before the jury during the trial and the descriptive references made to it in the examination of witnesses, the plaintiff cannot show that its exclusion amounted to prejudice, in any event.

The other aspect of the plaintiff's appeal relates to the adequacy of the charge. The plaintiff's dissatisfaction centers on the trial court's treatment of the rule as to rights of way and the legal effects of safety statutes. Both matters were alluded to in the charge, but not in the precise language requested by the plaintiff. The plaintiff did no more than object to the failure of the trial court to charge in accordance with his requests on these issues. No attempt was made to point out any fault in the charge actually given on these matters. This, alone, would justify turning aside the plaintiff's allegations of error in the charge. *Pond* v. *Carter,* 126 Vt. 299, 310, 229 A.2d 248.

But furthermore, the argued criticism that the charge fails to refer to the effect of a claimed violation of a safety statute specifically in terms of "prima facie" evidence of negligence does not support reversal in this case. Our law is that the duties of the parties and the effect of safety statutes are all merged in the establishment of the standard of conduct of prudent persons in the same circumstances. *Beaucage* v. *Russell,* 127 Vt. 58, 62, 238 A.2d 631. This is the standard by which the actions of the parties are to be tested from the standpoint of due care, and by which liability for negligent actions is to be determined. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 69, 196 A.2d 489. This test was adequately charged by the trial court on the basis of the facts in this case.

The plaintiff also contends that the instruction given as to the rule governing the rights of way of the parties was insufficient. Again his exception to this charge took the form only of an objection to the failure to comply with his requests. These, in the main, presumed the defendant's vehicle to be the bur-

dened one, an issue that was strongly controverted in the evidence at the trial.

In fact, the court fully charged the elements of rights of way at intersections and quoted the applicable statutes. The substance of the law was covered and the plaintiff has pointed out no valid shortcoming either to the lower court or to us. No grounds for reversal have been made to appear. *Morgan* v. *Renehan-Akers Co.*, 126 Vt. 494, 497–8, 236 A.2d 645.

*Judgment affirmed.*