MORRIS ET AL., APPELLANTS, v. STONE, APPELLEE.

[Cite as Morris v. Stone (1972), 33 Ohio App. 2d 101.]

(No. 72AP-68—Decided June 27, 1972.)

*Messrs. Volkema, Post & Pees,* for appellants.
*Messrs. Lane, Alton & Horst,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

This action arises from a collision which occurred between an automobile operated by defendant and a bicycle operated by the minor plaintiff. The jury returned a general verdict for defendant and, in addition, answered four interrogatories submitted to them, finding that the de-

fendant was not negligent but that the minor plaintiff was negligent and such negligence was a proximate cause of plaintiff's injuries. Plaintiff appeals, assigning eight errors as follows:

"*Assignment of Error No. 1*

"The Court erred in refusing to permit plaintiffs to present evidence of the cause for the alleged failure of defendant to keep his vehicle under control and to maintain an assured clear distance, to keep a proper lookout and to warn the plaintiff of his presence, to wit: evidence of the physical and mental condition of the defendant at the time of the automobile collision complained of including evidence that defendant had been drinking and evidence as to defendant's conduct immediately after the accident.

"*Assignment of Error No. 2*

"The Court erred in denying plaintiffs the opportunity to rebut and impeach the testimony of the defendant elicited on cross-examination, that, at the time of the collision complained of, nothing impaired his physical and mental condition so as to cause a failure to observe plaintiff.

"*Assignment of Error No. 3*

"The court erred in denying plaintiffs the opportunity to impeach and rebut the testimony of the defendant elicited upon cross-examination, that he had not been drinking alcoholic beverages at the time of the collision complained of and to impeach and rebut the testimony of an independent witness brought on by the defendant who testified as to his conclusion that the defendant's condition was 'normal' at the time of the collision complained of.

"*Assignment of Error No. 4*

"The Court denied plaintiffs the equal protection of the law as guaranteed under the 14th Amendment to the Constitution of the United States and Article 1, Section 2 of the Constitution of Ohio by refusing to permit plaintiffs to present evidence as to the physical and mental condition of the defendant including the drinking of alcoholic beverages at the time of the accident complained of when the defendant had been permitted to present evidence as to those specific questions of fact.

*"Assignment of Error No. 5*

"The Court erred in instructing the jury that Ohio Revised Code Sections 4513.03 and 4513.11 require a bicycle during the nighttime to display a red light visible from a distance of approximately 500 feet to the rear.

*"Assignment of Error No. 6*

"The Court erred in permitting the defendant to present evidence and in charging the jury on the issue of contributory negligence of the plaintiff in failing to display lights when the defendant's own evidence clearly demonstrated that the alleged failure to display lights could not have been a proximate cause of the accident.

*"Assignment of Error No. 7*

"The Court erred in charging the jury as to contributory negligence of the plaintiff when evidence sufficient to sustain the burden of proof as to this issue was not presented to the jury.

*"Assignment of Error No. 8*

"The verdict of the jury for the defendant is contrary to the law for the reason that the jury failed to consider defendant's negligence before returning the verdict as instructed by the Court."

The first four assignments of error relate generally to the same subject and will be considered together. The court did refuse to permit the plaintiff to inquire of a witness as to his observation of the condition of defendant. However, plaintiffs' counsel indicated that the witness would testify "that he smelled alcoholic beverages on the breath of the defendant." The court stated in the ruling: "I would not allow him to put this in, in that I felt that it was irrelevant and prejudicial. I indicated that the only thing that would be proper is evidence of intoxication or of being under the influence of alcohol and that just the breath itself was not enough."

With the exception of permitting a police officer to testify that defendant was "normal," the court consistently sustained all objections to questions pertaining to drinking. A question along this line asked by counsel for defendant of a police officer was sustained. However, counsel for plaintiffs cross-examined the police officer at some

length in this regard without objection. In addition, counsel for plaintiff, on rebuttal, recalled defendant and questioned him concerning whether he had drunk any alcoholic beverages that day. The trial court did refuse to grant a continuance for the purpose of recalling, on rebuttal, the witness whose testimony concerning the odor of alcohol on the breath of defendant had been proffered by plaintiffs, previously.

We find no prejudicial error. The admission and exclusion of testimony lies to a great degree within the sound discretion of the trial court. We find no abuse of discretion in this instance. Plaintiffs indicated that the testimony to be presented would relate only to an odor of alcohol on the breath of defendant. There was no indication that the witness would otherwise testify as to the condition of defendant.

In support of their motion for a new trial, plaintiffs submitted an affidavit of the witness that he was of the opinion that the defendant "was operating his automobile while under the influence of alcohol at the time of said collision." However, as indicated above, the trial court during trial advised counsel for plaintiffs that such testimony would be admitted, but plaintiffs made no effort to present such testimony. Rather, they indicated to the trial court that the witness's testimony would be limited to his having observed an odor of alcohol. Had plaintiffs, rather than merely stating by counsel the gist of the expected testimony from the witness, made a proper proffer of the testimony itself, perhaps the issue would have been resolved at trial. However, from what was presented to the trial court during the course of the trial, the trial court did not abuse its discretion.

Furthermore, the excluded testimony related to the issue of negligence on the part of defendant. Not only did the jury find that issue in favor of defendant, but they also found that the plaintiff was contributorially negligent. In view of the latter finding, it is difficult to perceive how any error in the admission of testimony bearing upon the issue of negligence of defendant could be prejudicial. The first four assignments of error are not well taken.

The fifth, sixth and seventh assignments of error relate to the issue of negligence on the part of the minor plaintiff operator of the bicycle and will be considered together.

It was dark when the collision occurred. Defendant's automobile was traveling on the roadway, and the minor plaintiff's bicycle was apparently on the berm of the highway. In some manner, the bicycle came in contact with the right side of the automobile, just in front of the right front door. Defendant testified he did not see the bicycle before the collision. The minor plaintiff testified that he did not hear the automobile, nor see its lights, prior to the collision.

The bicycle was equipped with a light in front, but with only a reflector and not a tail light to the rear. R. C. 4513.11 (A) provides as follows:

"(A) All vehicles, including those referred to in section 4513.02 of the Revised Code, not specifically required to be equipped with lights by sections 4513.03 to 4513.10, inclusive, of the Revised Code, shall, at the time and under the circumstances specified in section 4513.03 of the Revised Code, display at least one lighted light or lantern exhibiting a white light visible from a distance of approximately five hundred feet to the front of such vehicle and a light or lantern exhibiting a red light visible from a distance of approximately five hundred feet to the rear."

Plaintiffs contend that R. C. 4513.11 (A) does not apply to bicycles but only to slow moving vehicles. However, R. C. 4513.03 provides as follows:

"Every vehicle upon a street or highway within this state during the time from one-half hour after sunset to one-half hour before sunrise, and at any other time when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of five hundred feet ahead, shall display lighted lights and illuminating devices as required by sections 4513.04 to 4513.37, inclusive, of the Revised Code, for different classes of vehicles. No motor vehicle, during such times, shall be operated upon a street or highway within this state using only parking lights as illumination.
* * *"

R. C. 4513.01 provides that the definitions set forth in R. C. 4511.01 apply to R. C. 4513.03 and 4513.11. R. C. 4511.-01 (A) defines vehicle as follows:

"(A) 'Vehicle' means every device in, upon, or by which any person or property may be transported or drawn upon a highway, except devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and except devices other than bicycles moved by human power."

It is quite clear that bicycles are vehicles within the meaning of that term as used in R. C. 4513.03 and R. C. 4513.11. While devices moved by human power are expressly excluded from the definition of vehicle, bicycles are excluded from the exclusion. A bicycle is clearly a device in, upon, or by which a person may be transported upon a highway.

Furthermore, R. C. 4511.52 provides as follows:

"Sections 4511.01 to 4511.78, inclusive, 4511.99, and 4513.01 to 4513.37, inclusive, of the Revised Code which are applicable to bicycles apply whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles."

Accordingly, a bicycle when operated upon a street or highway at any time between one-half hour after sunset to one-half hour before sunrise must display a light or lantern exhibiting a white light visible from a distance of approximately 500 feet to the front of the bicycle and a light or lantern exhibiting a red light visible from a distance of approximately 500 feet to the rear of the bicycle. The bicycle here involved did not display such a red light visible to the rear.

Even if, as plaintiffs contend, bicycles are frequently operated at night upon the streets and highways without a tail light, this has no bearing upon the applicability of the statute. The statute clearly requires that a bicycle operated at night upon the streets or highways must exhibit a red light visible from approximately 500 feet to the rear of the bicycle. Even if this statute be frequently violated, the meaning of the statute is not thereby changed.

A violation of the statute would ordinarily constitute negligence *per se.* See *Roszman* v. *Sammett* (1971), 26 Ohio St. 2d 94. In this instance, because of the age of the minor plaintiff, the trial court charged that the violation of the statute was a factor to be considered by the jury in determining whether or not the minor plaintiff was negligent.

In *Webb* v. *Stokes* (1937), 26 Ohio Law Abs, 509, involving an earlier statute requiring lights (G. C. 12614-3), the court stated at page 510-511:

"The court charged the jury in defendant's special charge No. 1, before argument, that the plaintiff admitted that he was operating his bicycle on East Main Street, at the time in question, without having lights attached thereto as is required by law, and further that such failure to display such lights was negligence, as a matter of law, and if such failure was a proximate cause of plaintiff's injury, the verdict should be in defendant's favor.

"* * * The jury then must have begun its consideration of this case with the determination that the plaintiff was negligent in the operation of his bicycle without a tail light, at the time and place of the collision, but there was one step further which it was incumbent upon the jury to find before contributory negligence of the plaintiff could be established, namely, that the negligence was a proximate cause of the collision. The trial judge properly charged the jury as to this essential. This issue was to be determined in view of all the circumstances in the case. It may be that the jury was of opinion that because the thoroughfare where the bicycle was moving was well lighted from the cluster street lights, a tail light would not have made enough difference in the illumination of the bicycle to have materially assisted the defendant in preventing the collision. In any event, upon the record, there was a factual question for the jury whether or not the negligence per se of the plaintiff was a proximate cause of the collision and the resultant injuries."

Likewise, in this case, there were factual issues for the jury to be determined in view of all the circumstances

involved as to whether the minor plaintiff was negligent in operating his bicycle without a tail light and if so, whether or not such negligence was a proximate cause of the collision and the resultant injuries.

The jury found these issues in favor of the defendant. The trial court did not err in submitting these issues to the jury. The fifth, sixth and seventh assignments of error are not well taken.

By their last assignment of error, plaintiffs contend that the verdict was contrary to law because the jury failed to consider the issue of defendant's negligence before returning its verdict. This contention is founded upon the fact that when the jury returned its general verdict for plaintiff it was accompanied by "an affirmative response to the interrogatory as to negligence and proximate cause by plaintiff Mark Morris but with no response indicated to the interrogatories as to negligence and proximate cause by defendant." Although this is not included in the transcript of proceedings, the parties by written stipulation have agreed that this occurred. The stipulation further states: "Pursuant to further instruction of the court, the jury retired for further consideration and returned with a negative response as to negligence and proximate cause by defendant."

The trial court followed the proper procedure. When a jury fails to answer one or more interrogatories submitted, at the time it returns a general verdict, it is within the discretion of the trial court to require the jury to again retire and answer the interrogatories. If the trial court fails to do so, the failure of the jury to answer the interrogatories may constitute a mistrial and necessitate a new trial. See *Aetna Casualty & Surety Co.* v. *Niemiec* (1961), 172 Ohio St. 53.

There is no indication, of course, as to why the jury failed to answer the interrogatory concerning the negligence of defendant. The jury may well have felt that the answering of such interrogatory was unnecessary in view of the fact that, regardless of whether or not it found negligence on the part of defendant, a verdict for defend-

ant was called for in view of its finding of negligence on the part of the plaintiff which proximately caused the accident. Such a conclusion by the jury would be consistent with the statement by plaintiff's counsel, in his brief, that sending the jury back to consider the question of defendant's negligence "was a totally futile gesture on the part of the jury, the ultimate issue in the case having already been decided on another basis." It may also have been that the jury had difficulty in agreeing upon the issue of whether defendant was negligent, but had less difficulty in agreeing upon the issue of plaintiff's negligence. It may also have been a mere oversight on the part of the jury.

Regardless of the reason for the jury's failure initially to answer the interrogatory, the trial court followed the proper procedure and the verdict is not contrary to law. See *Bloor* v. *Platt* (1908), 78 Ohio St. 46.

Plaintiffs contend that the failure of the jury to originally answer the interrogatory concerning negligence of defendant indicates a failure of the jury to follow the instruction of the court that they first consider the issue of negligence of defendant and then consider the issue of contributory negligence, and a failure even to consider the issue of negligence of defendant. Even if this be true, which the record does not indicate, there would be no prejudicial error under the circumstances. The eighth assignment of error is not well taken.

For the foregoing reasons, all eight assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.