TAMARA SHAVER, a Minor, by her Father and Next Friend, Kenneth Shaver, Plaintiff-Appellant, *v.* RICHARD C. BERRILL, Defendant-Appellee.

Second District (2nd Division)    No. 75-239

Opinion filed November 17, 1976.—Rehearing denied January 18, 1977.

Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This appeal arises out of an action brought to recover damages for injuries sustained by a minor plaintiff as a result of the negligence of the defendant. The plaintiff was riding her bicycle across Ogden Avenue in Naperville when she was struck by the automobile driven by the defendant. The jury rendered a general verdict for the plaintiff in the amount of $7500, but answered a special interrogatory concerning

contributory negligence adverse to the plaintiff. The trial court entered judgment for the defendant. The plaintiff's appeal concerns the court's refusal to give plaintiff's tendered jury instruction regarding the presumption that a minor between the ages of 7 and 14 is incapable of negligence, and whether the special interrogatory given was properly worded.

The evidence at trial showed that the accident occurred at 10:25 a.m. on September 6, 1971, a clear, dry day. It was Labor Day and the traffic was light. The plaintiff was just under 9 years old, her birth date being October 13, 1962. She testified that she had just left Foster's Toy Store on the south side of Ogden Ave., and had ridden to the edge of the road where she stopped and looked both ways. She recalled looking to the left and seeing cars pretty far away and looking to the right and seeing no cars. She did not remember whether she had looked to the left again before starting to ride across, and she stated that she had not seen defendant's car prior to being struck. She further testified that her parents had instructed her not to ride her bicycle across Ogden Avenue. There was no crosswalk in front of Foster's Toy Store.

The defendant testified that he was traveling in the inner eastbound lane at approximately 45 miles per hour with his fiance in the car and a portable tape player on. He testified that he never saw the plaintiff prior to the incident and that the first indication he had of the accident was when he heard a metallic thud and saw a small child lying on the road through his rear-view mirror. He made an immediate U-turn and returned to the scene. He testified that there had been no cars in front or to the side of him, but that the traffic behind him had been medium to heavy. The defendant's fiance, now his wife, testified to the same facts; that she also had not seen plaintiff prior to the accident. The right front corner of defendant's automobile came in contact with the bicycle.

At the jury instruction conference, plaintiff tendered the following instruction, plaintiff's No. 19:

> "A nine year old is presumed incapable of being negligent. However, the presumption can be rebutted by showing that a child between the ages of seven and fourteen had the mental capacity and experience to act negligently."

The court refused to give this instruction, and plaintiff assigns this refusal as error. The jury was instructed as to the minor's standard of care by the giving of the following instruction, plaintiff's No. 10, IPI Civil No. 10.05:

> "A minor is not held to the same standard of conduct as an adult. When I use the words "ordinary care" with respect to the plaintiff, I mean that degree of care which a reasonably careful child of the age, mental capacity and experience of the plaintiff would use

under circumstances similar to those shown by the evidence. The law does not say how such a child would act under those circumstances. That is for you to decide."

■■ This precise issue was recently ruled upon by this court, *Diederich v. Walters* (1975), 31 Ill. App. 3d 594, which followed the Pennsylvania rule. However, the Illinois Supreme Court reversed this court. (*Diederich v. Walters*, (1976), 65 Ill. 2d 95.) The Supreme Court stated that the presumption that a child between the ages of 7 and 14 is incapable of negligence is recognized in this State, but that the presumption ceases to operate in the face of contrary evidence, and disappears from the case upon the introduction of evidence as to the matter presumed and, essentially, then becomes no concern of the jury.

The Supreme Court thus reaffirmed the general and Illinois rule that the introduction of evidence to contradict a rebuttable presumption causes the presumption to vanish from the case, and the issue will be tried and submitted the same as though the presumption had never arisen in the first place.

The rule that a rebuttable presumption is not itself evidence and disappears from the case when contrary evidence is introduced presents the problem as to what quantum or quality of evidence is necessary to produce this effect. (See Annot., 5 A.L.R. 3d 19, 55 (1966).) Some disappear with the introduction of "slight evidence," others with "prima facie evidence," and others only when "clear and convincing evidence" is introduced in rebuttal of the presumption. Since the question was not raised, the Supreme Court in *Diederich* did not attack this problem, merely stating, "* * * we agree with the trial judge that the record before us contains sufficient evidence of failure by plaintiff's decedent to exercise the requisite degree of care to cause the presumption to cease to operate and therefore eliminate the need for any instruction to the jury regarding the presumption."

In *Diederich* the child was 13 plus years of age. In this case Tamara Shaver was 8 years 11 months old. She looked and saw some cars but "they were pretty far away." She obviously erred in her judgment of the speed and distance of the approaching car driven by the defendant. Is this sufficient evidence to "burst the bubble"? "Intelligence" includes other mental capacities, but does not include judgment, which is an exercise of capacity rather than capacity itself. Restatement, (Second) of Torts § 283, comment b (1965).

The considerations relevant in overcoming the rebuttable presumption of incapacity are apparently substantially similar to those considered in establishing the standard of care to be required of a child, that is, evidence as to a child's special capacity, intelligence and training may be

considered. Annot., 77 A.L.R. 2d 917, 927 (1961). Also see 57 Am. Jur. 2d *Negligence* § 369 (1971).

"It is impossible to lay down definite rules as to whether any child, or any class of children, should be able to appreciate and cope with the dangers of many situations. A child of ten may in one situation have sufficient capacity to appreciate the risk involved in his conduct, and to realize its unreasonable character, but in another situation he may lack the necessary mental capacity or experience to do so; and in the case of another of ten of different mental capacity or experience a different conclusion may be reached in the same situation." Restatement (Second) of Torts § 283A, comment b (1965).

■■ We believe that the trial judge need only determine that the evidence introduced in rebuttal is sufficient to support a finding contrary to the presumed fact, in other words, a prima facie showing. *Henderick v. Uptown Safe Deposit Co.*, 21 Ill. App. 2d 515, 525 (citing Wigmore on Evidence § 2508 (3d ed. 1940) upon whom the Supreme Court placed great reliance in *Diederich*).

We proceed to consideration of plaintiff's contention that a special interrogatory was worded in a manner prejudicial to her. The following special interrogatory was tendered by the defendant in this case and given to the jury:

"Do you find from your consideration of all the evidence that the plaintiff, Tamara Shaver, was guilty of any negligence which proximately contributed to cause her injuries?"

■■■ Plaintiff contends that it was error to use the word negligence in the interrogatory without therein defining negligence of a minor; that absent the definition, it implies a greater standard of care.

IPI Civil No. 10.01 ("Negligence—Adult—Definition") was given as follows:

"When I use the word 'negligence' in these instructions, I mean the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

IPI Civil No. 10.01 was the only instruction in this case defining negligence. It only applies to adults. We agree that the special interrogatory given herein did not define or explain negligence of a minor and that it requires an adult standard of care on the part of Tamara Shaver. The degree of care to be exercised by a minor aged 8 years 11 months is that which a reasonably careful person *of the same age,*

*capacity, and experience* would exercise under the same or similar circumstances. (See IPI Civil No. 10.05 ("Ordinary Care—Minor— Definition").) Tamara was not bound to exercise for her own safety the care required of an adult in this respect.

The interrogatory imposed a greater standard on plaintiff than the standard required of a minor and we hold that the giving of this special interrogatory was error. A special interrogatory which uses technical language not properly understood by the jury should contain an explanation of the meaning of such language, 35 Ill. L. & Prac. *Trial* § 334 (1958); *Racine Fuel Co. v. Rawlins,* 377 Ill. 375.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

T. J. MORAN, P. J., and GUILD, J., concur.