[No. 50870–4. En Banc. August 8, 1985.]

DONALD T. BAUMAN, *Petitioner*, v. ROBERT S. CRAWFORD, *Respondent*.

242

*Miracle, Pruzan, Morrow, Pruzan & Johnson* and *Howard R. Pruzan,* for petitioner.

*Helsell, Fetterman, Martin, Todd & Hokanson,* by *Lish Whitson,* for respondent.

PEARSON, J.—This appeal requires us to decide whether the negligence per se doctrine should be applicable to minors, or whether minors should instead be judged only by the special child's standard of care in a civil negligence action. We hold that a minor's violation of a statute does not constitute proof of negligence per se, but may, in proper cases, be introduced as evidence of a minor's negligence. Accordingly, we reverse the decision of the Court of Appeals. *Bauman v. Crawford,* 38 Wn. App. 301, 685 P.2d 1104 (1984).

On April 24, 1979, at approximately 9:30 p.m., the bicycle ridden by petitioner Donald Bauman collided with the automobile driven by respondent. Petitioner was 14 years 4 months old at that time. The collision occurred after dark on a public street in Seattle. Petitioner was riding his bicycle down a steep hill; as he reached the base of the hill, respondent turned left in front of petitioner and the collision resulted. Petitioner's bicycle was equipped with reflectors, but had no headlight. Seattle Municipal Code

11.44.160 and RCW 46.61.780(1) each require a headlight on a bicycle operated after dark.

In the collision, petitioner suffered a broken lower leg (tibia and fibula) which required three surgeries during the 6 weeks immediately following the accident. Overall, petitioner was hospitalized 10 days, had a cast for about 2 months, and required crutches to ambulate for several weeks after cast removal.

Petitioner, through his guardian ad litem, sued respondent for damages. Respondent's answer alleged contributory negligence by petitioner as an affirmative defense.

The trial court instructed the jury that violation of an ordinance is negligence per se. The court also instructed the jury that the standard of ordinary care for a child is the care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under similar circumstances.

The jury rendered a verdict of $8,000 for petitioner, reduced by 95 percent for petitioner's contributory negligence. Thus, the final verdict was $400 for petitioner.

Petitioner contends it was reversible error for the court to instruct on negligence per se because he is a minor. He further contends that it was reversible error for the court to give the negligence per se instruction in combination with the special child's standard of care instruction because these instructions are contradictory to one another.

Petitioner argued to the Court of Appeals, and now urges before this court, that negligence per se is inapplicable to minors under *all* circumstances. He urges that the special child's standard of care is the proper standard to be applied to a minor, notwithstanding violation of a statute or ordinance.

The Court of Appeals, relying on *Everest v. Riecken,* 30 Wn.2d 683, 193 P.2d 353 (1948), declined to hold that the negligence per se doctrine is inapplicable to minors. In *Everest,* this court held that a 15–year–old bicyclist was negligent per se for riding his bicycle after dark without a light, in violation of law. There, this court declined to hold

that the child's minority excused him from the operation of the negligence per se doctrine, but did so with no discussion of the policies underlying the negligence per se doctrine or the child's standard of care. After careful reconsideration of those policies, we have determined that the policies underlying the doctrine of negligence per se clash with the policies underlying the special child's standard of care. We therefore overturn the *Everest* case to the extent that it is incompatible with our holding today.

In Washington, a child under 6 years old cannot be held to be contributorially negligent. *Graving v. Dorn,* 63 Wn.2d 236, 386 P.2d 621 (1963). Conversely, a 17– or 18–year–old of normal capacity may be treated as an adult in all cases. *Dingwall v. McKerricher,* 75 Wn.2d 352, 450 P.2d 947 (1969). Accordingly, the decision in this case applies only to minors 6 to 16 years of age. Generally, contributory negligence of minors in this age group is a question for the trier of fact. *Graving v. Dorn, supra.*

Washington has long recognized the special standard of care applicable to children: a child's conduct is measured by the conduct of a reasonably careful child of the same age, intelligence, maturity, training and experience. *Robinson v. Lindsay,* 92 Wn.2d 410, 412, 598 P.2d 392 (1979); *Roth v. Union Depot Co.,* 13 Wash. 525, 43 P. 641, 44 P. 253 (1896). The rationale for the special child's standard of care is that a child is lacking in the judgment, discretion, and experience of an adult; thus, the child's standard of care allows for the normal incapacities and indiscretions of youth. *See* 3 Vand. L. Rev. 145 (1949); 37 Tex. L. Rev. 255 (1958); Keet, *Contributory Negligence of Children,* 12 Clev.–Mar. L. Rev. 395 (1963). Most significantly, the child's standard was created because public policy dictates that it would be unfair to predicate legal fault upon a standard most children are incapable of meeting. Thus, the fact of minority is not what lowers the standard; rather, the child's immaturity of judgment and lack of capacity to appreciate dangers justifies a special child's standard. *See Dorais v. Paquin,* 113 N.H. 187, 304 A.2d 369 (1973); Annot., *Modern Trends*

*as to Contributory Negligence of Children,* 77 A.L.R.2d 917 (1961).

A primary rationale for the negligence per se doctrine is that the Legislature has determined the standard of conduct expected of an ordinary, reasonable person; if one violates a statute, he is no longer a reasonably prudent person. Mertz, *The Infant and Negligence Per Se in Pennsylvania,* 51 Dick. L. Rev. 79 (1946); 3 Vand. L. Rev. 145 (1949). Negligence per se exists when a statute or ordinance is violated, and that law is designed to (a) protect a class of persons which includes the person whose interest is invaded, (b) protect the particular interest which is invaded, (c) protect against the kind of harm which resulted, and (d) protect that interest against the particular hazard from which the harm results. *Young v. Caravan Corp.,* 99 Wn.2d 655, 659–60, 663 P.2d 834, 672 P.2d 1267 (1983).

A majority of courts in states which apply the negligence per se doctrine to adults have recognized a fundamental conflict between that doctrine and the special child's standard of care. *See Finch v. Christensen,* 84 S.D. 420, 172 N.W.2d 571 (1969) (negligence per se inapplicable to 11–year–old bicyclist riding at night without a light); *Rosenau v. Estherville,* 199 N.W.2d 125 (Iowa 1972); *Rudes v. Gottschalk,* 159 Tex. 552, 324 S.W.2d 201 (1959); *Brown v. Connolly,* 206 Cal. App. 2d 582, 24 Cal. Rptr. 57 (1962); *Shaver v. Berrill,* 45 Ill. App. 3d 906, 358 N.E.2d 290 (1976). Scholarly commentary also overwhelmingly supports the view that negligence per se is inapplicable to children. *See* 37 Tex. L. Rev. 255 (1958); 26 S. Cal. L. Rev. 335 (1953); Annot., *Child's Violation of Statute or Ordinance as Affecting Question of His Negligence or Contributory Negligence,* 174 A.L.R. 1170 (1948); Mertz, *The Infant and Negligence Per Se in Pennsylvania,* 51 Dick. L. Rev. 79 (1946); 3 Vand. L. Rev. 145 (1949).

The majority rule is based upon the policy considerations underlying each doctrine. These courts and commentators recognize that application of negligence per se to children abrogates the special standard of care for children; such

abrogation violates the public policy inherent in the special child's standard. These courts and commentators also recognize that refusal to consider a child's minority in effect substitutes a standard of strict liability for the criterion of the reasonable child.

Conversely, the minority of courts willing to impose negligence per se on children do so, for the most part, without discussion of the policy considerations underlying the two doctrines at issue here. Often, a mechanistic statutory construction is applied to foreclose any consideration of the child's maturity level, experience, age, or intelligence. These courts reason that if the legislature did not specifically exclude children from the requirements of the statute, then *all* persons, including children, are required to behave in accordance with that statute. *See Sagor v. Joseph Burnett Co.,* 122 Conn. 447, 190 A. 258 (1937) (no exception to negligence per se doctrine for children; the terms of the statute are clear and precise); *D'Ambrosio v. Philadelphia,* 354 Pa. 403, 47 A.2d 256 (1946) (the law applies equally to adults and children unless it specifically excludes children).

Similarly, the Court of Appeals in the present case was persuaded that the Washington Legislature intended that children be held negligent per se for violation of the statute involved in this case. In 1965 the Legislature repealed RCW 46.47.090 which specifically stated that no child under 16 shall be held to be negligent per se for any violation of the statute. *See* Laws of 1951, ch. 76, § 9, p. 214 (later codified as RCW 46.47.090); Laws of 1965, 1st Ex. Sess., ch. 155, § 91, p. 2323. The Court of Appeals interprets this deletion from the statute as proof that the Legislature intends that negligence per se be applied whenever the statute is violated by a child. *Bauman v. Crawford,* 38 Wn. App. 301, 309, 685 P.2d 1104 (1984). That court relies on the rule that a material change in a statute indicates a change in legislative intent for that interpretation. *See Strunk v. State Farm Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 580 P.2d 622 (1978).

The legislative history of the repealed provision is

unavailable, so it is impossible to ascertain the actual legislative intent. It is significant, however, that the entire motor vehicle code was being revised at the time this provision was repealed. Thus, the Legislature did not single out this statute for special treatment, but merely changed it as part of an overall revamping of the code.

Furthermore, negligence per se and the child's standard of care are both court–created doctrines. Accordingly, we presume the Legislature, by its change, intended to return to the courts the decision whether to apply negligence per se to minors under 16 years of age.

A significant number of the courts which decline to apply negligence per se to minors have determined that violation of a statute by a minor may be introduced as evidence of negligence, as long as the jury is clearly instructed that the minor's behavior is ultimately to be judged by the special child's standard of care. *Kronenberger v. Husky,* 38 Ill. 2d 376, 231 N.E.2d 385 (1967); *Rosenau v. Estherville, supra; Mason v. Stengell,* 441 S.W.2d 412 (Ky. Ct. App. 1969); *Rudes v. Gottschalk, supra; Morris v. Stone,* 33 Ohio App. 2d 101, 292 N.E.2d 891 (1972); *Simmons v. Holm,* 229 Or. 373, 367 P.2d 368 (1961); *Hustad v. Cooney,* 308 S.W.2d 647 (Mo. 1958); *Brown v. Connolly,* 206 Cal. App. 2d 582, 24 Cal. Rptr. 57 (1962).

We agree with these courts that allowing a statutory violation to be introduced simply as one factor to be considered by the trier of fact is an equitable resolution of the dilemma created by a minor's violation of law. We therefore remand for a new trial on the issue of liability under proper instructions. At that trial the jury must be instructed as to the special child's standard of care. The jury may then be instructed that violation of a relevant statute[1] may be con-

---

[1] A statute must still be shown to be applicable under the negligence per se test before its violation may be introduced even as mere evidence of negligence. That is, the statute must be designed to protect the proper class of persons, to protect the particular interest involved, and to protect against the harm which results. *See Young v. Caravan Corp.,* 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983). Thus, only relevant statutory violations will be admitted.

sidered as evidence of negligence only if the jury finds that a reasonable child of the same age, intelligence, maturity and experience as petitioner would not have acted in violation of the statute under the same circumstances.

Petitioner also requests a new trial on the issue of damages, arguing that the award was unusually low because the jury was instructed that negligence per se was applicable. Petitioner urges that the erroneous instruction tainted the jury's award of damages because the jury had necessarily determined that petitioner was primarily negligent prior to determining the appropriate award. Petitioner concedes, however, that the award is not so low as to raise questions of passion or prejudice.

Petitioner's trial occurred when the comparative negligence statute was still in effect (RCW 4.22.010, repealed by Laws of 1981, ch. 27, § 17, p. 120). Under that statute, the jury determined the question of liability separately from the question of damages, by way of a special verdict form. On that form, the jury first determined respondent's negligence, then determined petitioner's damages award. Lastly, the jury determined petitioner's negligence and then applied the principles of comparative negligence to decrease petitioner's award proportionate to his degree of negligence.

Thus, because there is no possibility of a compromise verdict under the comparative negligence statute, a new trial on the damages issue is required only if the damages award, by itself, is so low as to require a new trial to meet the ends of justice. *See McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 413 P.2d 617 (1966); *Crawford v. Miller*, 18 Wn. App. 151, 566 P.2d 1264 (1977).

Here, the jury determined that petitioner should receive an $8,000 damages award. His medical expenses amounted to approximately $4,800. Thus, petitioner was granted over $3,000 in general damages. Considering the procedure used by the jury to determine liability and damages, we are satisfied that this award was not tainted by the erroneous instructions. Further, considering the injuries petitioner received and the fact that he made a full recovery, we can-

not say that the award is so low as to, by itself, require a new trial. Accordingly, the only issue on retrial will be liability.

Finally, we hold that our ruling today, which exempts minors from the operation of the negligence per se doctrine, shall apply prospectively. However, the rule shall also apply to any case already tried where the issue of the doctrine's application to a minor was preserved for appeal.

DOLLIVER, C.J., UTTER, and DORE, JJ., and JAMES and THOMPSON, JJ. Pro Tem., concur.

BRACHTENBACH, J. (concurring)—I concur in the rationale and result of the majority but I am convinced that in the appropriate case this court should reexamine the entire theory of negligence per se arising from the alleged violation of a statute, an ordinance or an administrative regulation.

This court has long been committed to the rule that violation of a positive statute constitutes negligence per se. In *Engelker v. Seattle Elec. Co.,* 50 Wash. 196, 96 P. 1039 (1908), the court noted that some jurisdictions follow the rule that a violation of a statute is mere evidence of negligence but it adopted the doctrine "that a thing which is done in violation of positive law is in itself negligence." *Engelker,* at 199. This rule has been applied to violations of statutes, ordinances and regulations, *Cook v. Seidenverg,* 36 Wn.2d 256, 217 P.2d 799 (1950); *Davis v. Niagara Mach. Co.,* 90 Wn.2d 342, 581 P.2d 1344 (1978), in determining both the liability of defendants and the contributory negligence of plaintiffs. *Young v. Caravan Corp.,* 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983). The Restatement (Second) of Torts § 286 (1965) adopted the test of the relevancy of the statute to the tortious action. Where the relevancy test is met and where there exists prima facie a discernible causal connection between the violation of the statute and the injury, the jury is properly advised that the violation amounts to negligence per se and proximate cause then

becomes the sole issue of fact to be resolved by the trier of fact. *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972).

The rule, however, has not been applied with relentless indifference to actual fault. A violation of statute has been held not to constitute negligence per se where the violation is due to some cause beyond the violator's control, and which reasonable prudence could not have guarded against, *Brotherton v. Day & Night Fuel Co.,* 192 Wash. 362, 73 P.2d 788 (1937); where the violation is due to an emergency, *Burlie v. Stephens,* 113 Wash. 182, 193 P. 684 (1920); where the violation is merely technical, *Baldwin v. Washington Motor Coach Co.,* 196 Wash. 117, 82 P.2d 131 (1938); where the violation is perpetuated out of necessity, *Discargar v. Seattle,* 25 Wn.2d 306, 171 P.2d 205 (1946); or where the violator is not given notice that his actions were in violation of the law, *Wood v. Chicago, M., St. P. & Pac. R.R.,* 45 Wn.2d 601, 277 P.2d 345, 283 P.2d 688 (1954).

As the *Wood* court stated, "[a]n analysis of the above cases indicates a reluctance by this court to impose liability by finding negligence *per se*; that is, negligence as a matter of law, *where no negligence exists in fact."* *Wood,* at 610. The court went on to state that such decisions were intended to place the negligence per se doctrine within "rational judicial control." This 77–year–old doctrine has been the subject of exceptions almost since its adoption. Perhaps it is time we stopped selectively placing the negligence question within "rational judicial control" and place it, in all cases, in the rational control of the trier of fact, where it belongs.

The finding of negligence is normally a task for the trier of fact. Through the application of the negligence per se doctrine we have taken that task away from the jury and the court now decides when a violation of statute constitutes negligence. It is evident from the numerous exceptions to the doctrine that the court is not merely applying a statute to the tortious action, but determining from the total factual circumstances whether or not the statute vio-

lator was negligent at all. I, therefore, advocate true rational control of the negligence doctrine through the return of the negligence question to the trier of fact in cases involving evidence of a violation of statute.

Currently, the majority of American jurisdictions follow the negligence per se doctrine and find that a breach of statutory duty is a breach of standard of care for civil negligence cases. Seven states follow the theory that a breach of a statutory duty is evidence of negligence in civil action,[2] while five states hold that a violation of a statute is prima facie negligence which may be rebutted by competent evidence.[3] In addition, some of the courts which follow the majority rule as to statutes have held that the breach of ordinances, or traffic laws, or the regulations of administrative bodies is only evidence for the jury. Such cases seem to indicate a desire to leave some leeway for cases where a violation may not be necessarily unreasonable. 2 F. Harper & F. James, *Torts* § 17.6 (1956).

The English rule is to consider a breach of a statutory duty a tort in itself. The Canadian Supreme Court recently reviewed both the English rule and the American rules and chose to follow the American minority rule which considers the violation to be mere evidence of negligence. *The Queen v. Saskatchewan Wheat Pool,* 143 D.L.R.3d 9 (1983); *see also* Note, *Negligence and Breach of Statutory Duty,* 4 Oxford J. Legal Stud. 429 (1984).

As indicated by the Canadian decision, criticism of the

---

[2]*Franco v. Bunyard,* 261 Ark. 144, 547 S.W.2d 91, *cert. denied,* 434 U.S. 835 (1977); *Eagan v. Marr Scaffolding Co.,* 14 Mass. App. Ct. 1036, 442 N.E.2d 743 (1982), *review denied,* 445 N.E.2d 156 (1983); *Fisher v. O'Connor's, Inc.,* 53 Md. App. 338, 452 A.2d 1313 (1982); *Floridia v. Farlee,* 201 Neb. 39, 266 N.W.2d 204 (1978); *Braitman v. Overlook Terrace Corp.,* 68 N.J. 368, 346 A.2d 76 (1975); *Burns v. Bombard,* 128 Vt. 178, 260 A.2d 219 (1969); *Distad v. Cubin,* 633 P.2d 167 (Wyo. 1981).

[3]*Stephens v. State,* 440 So. 2d 920 (La. Ct. App. 1983), *cert. denied,* 443 So. 2d 1119 (1984); *Agnello v. Puzzo,* 110 Ill. App. 3d 913, 443 N.E.2d 648 (1982); *Dongo v. Banks,* 448 A.2d 885 (Me. 1982); *Hall v. Warren,* 632 P.2d 848 (Utah 1981); *Vandergrift v. Johnson,* 157 W. Va. 958, 206 S.E.2d 515 (1974).

negligence per se doctrine is mounting in the courts. Authors of treatises and journal articles are also increasingly critical of the doctrine and write favorably of the evidence–of–negligence doctrine. Objection is made to the court's inferring a legislative intent to create a standard of care in civil cases where the Legislature is silent. The main criticism is that it is difficult to discover the bases on which the courts either find or refuse to find these fictional intentions. Alexander, *Legislation and the Standard of Care in Negligence,* 42 Can. B. Rev. 243 (1964). The most widely accepted rationale for the negligence per se rule is that the reasonable man always obeys the criminal law, thus, a breach of the criminal law must be unreasonable and, therefore, negligent. Thayer, *Public Wrong and Private Action,* 27 Harv. L. Rev. 317 (1913–1914). The basic flaw in this rationale and in inferring legislative intent is the fact that the criminal proscriptions may be ill conceived, hastily drawn with inadequate investigation or obsolete and, yet, the validity of the statute will not be before the court in the negligence action. The Legislature has not considered the policy problems peculiar to civil liability nor has it composed the legislation in terms of a standard of due care in damage suits or for judging negligence. Morris, *The Role of Criminal Statutes in Negligence Actions,* 49 Colum. L. Rev. 21, 39–43 (1949). Reliance on the Legislature for a standard of reasonableness under these circumstances would not make for the wisest decision.

A second rationale for finding legislative intent to create a standard of care in civil cases is that the Legislature recognizes that the negligence per se rule is needed to promote and fulfill reliance by others on uniform obedience to statutes. However, where the Legislature does not explicitly impose automatic liability in a civil action as a sanction, the court is encroaching on legislative territory when it adds such a sanction for the purposes of law enforcement. Further, "[n]either in fact nor in law do others have the right under all circumstances to rely on the actor's obedience to statute." F. Harper & F. James, *supra* at 1000.

Further criticism of the negligence per se doctrine arises because of the differences between the criminal and civil systems. Lawmakers may be contented with a broad unqualified requirement in a criminal statute because they knew that enforcement officials would use their discretion to make exceptions in cases where literal compliance made no sense or worked a hardship. In a civil action on the other hand, where large damages are often at stake, the injured party cannot be expected to jeopardize his claim by forgiving noncompliance in exceptional cases, as a public prosecutor would. F. Harper & F. James, *supra* at 998. Additionally, civil defendants do not have the ability to avail themselves of criminal procedural defenses and protections against an inflexible application of the criminal standard.

Criticism is also made because of the imposition of liability without fault. As noted above, the Washington courts have joined in this criticism and produced multiple exceptions in order to avoid this aspect of the doctrine. This exception–finding approach produces a weakened doctrine and ultimately places the jury's task of determining negligence with the court under all circumstances. Such an approach also leads to distorted statutory construction which affects the criminal law as well.

The defect in our prior reasoning is that the negligence per se doctrine removes the determination of negligence from the fact–finding function of the jury, or the court sitting as a fact finder. While it is a convenient method to affix liability, it runs counter to the basic notion of determining tort liability. I would prospectively limit the doctrine to an evidence of negligence standard.

GOODLOE, J., and JAMES, J. Pro Tem., concur with BRACHTENBACH, J.