Alex M.M. RALSTON, Plaintiff–Appellant,

v.

SAN JUAN EXCURSIONS, INC., Defendant–Appellee.

No. 06–35143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 26, 2007.

Robert M. Kraft, Esq., Richard J. Davies, Esq., Kraft Palmer Davies, PLLC, Seattle, WA, for Plaintiff–Appellant.

Mark G. Beard, Esq., Ronald E. Beard, Esq., Lane Powell, PC, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, BEAM \*, and RYMER, Circuit Judges.

## MEMORANDUM \*\*

Alex M.M. Ralston appeals the summary judgment entered in favor of San Juan Excursions, Inc. (SJE) in this maritime negligence action under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b). We affirm.

Sections 904, 907, 908, and 909 establish a comprehensive federal worker's compensation scheme which holds employers liable without regard to fault for payment of statutory compensation to covered injured employees. Section 905(a) provides that this scheme is the exclusive form of liability owed by employers to employees, so long as employers make the statutory payments. However, § 905(b) also allows employees to sue a vessel for injuries caused by the negligence of the vessel, just as they may sue other third parties for negligence under § 933. "Vessel" includes the vessel's owner, § 902(21), and there is no dispute that SJE is a "vessel" for purposes of this action.

We are guided by the duties owed by a vessel in the context of a vessel-stevedore-longshoreman relationship set out in *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), extended generally to harbor workers and to employers acting in the dual capacity of employer and vessel owner. *See, e.g., Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 788 (9th Cir. 2007); *Cook v. Exxon Shipping Co.*, 762 F.2d 750, 752 (9th Cir.1985). Three *Scindia* duties are at issue here—the turnover duty of safe condition, the active control duty, and the duty to intervene.

---

\* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

First, however, we consider Ralston's submissions that Washington state law governing standards of care owed to minor children should apply, and that the standards for reasonable care which refer to expert and experienced stevedores should not apply because of his own age and experience. Even if Washington law were relevant (which we do not decide), it would not apply to a person of Ralston's age in any event. *See Bauman v. Crawford,* 104 Wash.2d 241, 704 P.2d 1181, 1184 (1985). Beyond this, under the dual-capacity doctrine, the vessel may rely on the hiring decisions of a hypothetical stevedore/employer. *See, e.g., Scheuring,* 476 F.3d at 789 (quoting *Howlett v. Birkdale Shipping Co.,* 512 U.S. 92, 98, 114 S.Ct. 2057, 129 L.Ed.2d 78 (1994)) (quoting *Fed. Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 416–17 n. 18, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969)).

■ Even if Ralston were not employed to provide ship repairing services, and his presence on the upper starboard deck was within the scope of his work assignment, no triable issue exists as to whether SJE in its capacity as vessel owner, rather than as employer/painting contractor, acted negligently. On account of work being performed on a different project, the condition on the starboard upper deck when it was turned over to SJE in its capacity as painting contractor was undoubtedly hazardous. However, Ralston adduced no evidence that a painting contractor could not have carried out painting operations with reasonable safety to painters; nothing in the record suggests the *vessel* created conditions such that the starboard side of the wheelhouse or upper deck had to be painted before railings were in place, or that a competent and experienced painting contractor couldn't have safely painted the area without rails. And Ralston's expert opined that a safe work environment could have been arranged by temporary rope or wood railings, or temporary scaffolding. *See, e.g., Bjaranson v. Botelho Shipping Corp., Manila,* 873 F.2d 1204, 1208 (9th Cir.1989) (noting that *Scindia* does not require "unequivocally that the ship and its equipment must be in a safe condition"; rather, "certain dangers that may be hazardous to unskilled persons need not be remedied if an expert and experienced stevedore could safely work around them"). *Cf., e.g., Thomas v. Newton Int'l Enters.,* 42 F.3d 1266, 1271 (9th Cir.1994) (recounting view of plaintiff's expert that the extremely unusual and hazardous condition on that ship "would not be something that even an experienced longshore worker would be looking for or anticipate"). It is *employers* of workers who are obliged to protect deck edges with railings or to provide other protection against falls, *see* 29 C.F.R. § 1915.3(a), (b); § 1915.73; *Scindia,* 451 U.S. at 170, 176, 101 S.Ct. 1614; *Bandeen v. United Carriers (Panama), Inc.,* 712 F.2d 1336, 1339–41 (9th Cir.1983), for it is they who are in the best position to judge what is needed for safe operations. In these circumstances, we cannot say that SJE in its capacity as *vessel* fell short of its turnover duty.

■ Ralston's active control argument fails because it, too, does not distinguish between Roger Hoff's involvement as supervisor of Ralston's work, and Hoff's involvement as agent of the owner of the vessel. To the extent Hoff, as SJE's agent, was negligent, it was in SJE's capacity as painting contractor rather than in its capacity as vessel owner. Had the painting been done by an independent contractor, Ralston and Hoff would both have been employees of the painting contractor and not the vessel. This being so, SJE's exclusive liability to Ralston is for statutory compensation under § 904.

The same is true of Ralston's contention that Hoff was aware of the unguarded nature of the upper starboard deck and knew or should have known that the deck presented an unreasonable risk of harm. To the extent Hoff had such knowledge as the vessel's agent, it was subsumed within the turnover duty which was not breached for reasons we have explained; otherwise, his knowledge was attributable to Hoff as the painting contractor who was Ralston's employer.

AFFIRMED.