**NOT FOR PUBLICATION**

FILED

NOV 21 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



LITTLE BUTTE PROPERTY OWNERS
WATER ASSOCIATION, a Washington
nonprofit corporation,

Plaintiff-Appellee,

v.

KEN B. BRADLEY, an individual,

Defendant-third-party-
plaintiff-Appellant,

v.

CHELAN COUNTY; CHELAN
COUNTY SHERIFFS OFFICE;
DOMINIC MUTCH, Officer; CHRIS
EAKLE, Officer; MIKE LAMON, Officer,

Third-party-defendants-
Appellees.

No.    18-35728

D.C. No. 2:17-cv-00162-RMP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 22, 2019[]
Seattle, Washington

Before:  CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[***] District Judge.

Ken Bradley appeals a summary judgment order awarding Little Butte Property Owners Water Association ("Little Butte") permanent injunctive relief and damages arising from Bradley's interference with Little Butte's access to an easement, and disposing of Bradley's counterclaims against Little Butte and third-party claims against Chelan County, the Chelan County Sheriff's Office, and three individual law enforcement officers (collectively, "the Chelan County Defendants").  We affirm summary judgment and deny without prejudice the request for attorney's fees and costs on appeal.

The material facts of this case were set forth in the statements filed at summary judgment by Little Butte and the Chelan County Defendants pursuant to Local Rule ("LR") 56.1(a) (2017).  As noted by the district court, Bradley did not dispute these facts by filing an appropriate opposing statement, *see* LR 56.1(b), (d), or supply the record with any admissible contradictory evidence.  Bradley's declarations submitted at summary judgment were unsigned and undated, *see* 28

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 1746, referred to missing exhibits, and did not sufficiently establish a basis of personal knowledge. *See* Fed. R. Civ. P. 56(c)(4). The district court deemed the material facts undisputed pursuant to Rule 56(e), Federal Rules of Civil Procedure, and LR 56.1(d), and Bradley does not challenge this ruling on appeal. Therefore, there is no genuine issue of material fact that Little Butte is entitled to damages and injunctive relief.

Bradley's sole argument against the injunctive relief and damages award is unconvincing. Bradley argues that Little Butte's claims for relief related to a temporary restraining order (TRO) that was "void" because it was not personally served. Without explaining this relationship further, or citing authority, Bradley asserts that the district court "should have found that the TRO had no effect," which should have resulted in "an automatic denial" of Little Butte's claims for injunctive relief and damages. Among other reasons for rejecting this argument, we note that Washington courts do not require formal service of process before issuing a TRO. *See* Wash. R. Civ. P. 65. Moreover, the existence of a valid TRO was not necessary for the district court to award damages or an injunction to Little Butte for Bradley's interference with Little Butte's easement. *See Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 401 P.3d 468, 471 (2017) ("An easement holder

3

may obtain any appropriate remedy for unreasonable interference with an easement.")

We are also unpersuaded by Bradley's arguments concerning his counterclaim against Little Butte for damages arising from trespass to land. The district court disposed of this counterclaim based on lack of factual support, finding no evidence to substantiate Bradley's claimed damages or support that Little Butte "wrongfully" caused injury to Bradley's land. *See* Revised Code of Washington (RCW) 4.24.630(1). On appeal, Bradley argues that there was an issue of fact as to the element of wrongfulness, but does not support his assertions with references to the record, and thus does not adequately respond to the district court's conclusion that the record was inadequate. Moreover, Bradley does not challenge the finding as to his damages. Therefore, Bradley's trespass claim fails.

We are also unpersuaded by Bradley's argument concerning his third-party claims for trespass and negligence. In Washington, "claims for trespass and negligence arising from a single set of facts [are treated] as a single negligence claim." *Pruitt v. Douglas Cty.*, 66 P.3d 1111, 1115 (Wash. Ct. App. 2003) (citation omitted). The elements of a negligence claim are duty, breach, causation, and injury. *See Keller v. City of Spokane*, 44 P.3d 845, 848 (Wash. 2002). Under the doctrine of negligence *per se*, the elements of duty and breach are satisfied if

4

the defendant violates a statute or ordinance "designed to (a) protect a class of persons which includes the person whose interest is invaded, (b) protect the particular interest which is invaded, (c) protect against the kind of harm which resulted, and (d) protect that interest against the particular hazard from which the harm results." *Bauman v. Crawford*, 704 P.2d 1181, 1184 (Wash. 1985) (citation omitted).

The district court held that Bradley provided no authority to define the police officers' duty or to support that their conduct was negligent *per se*. We observe the same on appeal. Bradley relies on a theory of negligence *per se* by arguing that the officers were negligent for "violating" Washington's "knock and wait" statute, RCW 10.31.040, by forcibly entering his home to execute a civil warrant, *see Washington v. Thompson*, 92 P.3d 228, 232 (Wash. 2004), and how they should be liable for damage they caused to his front door. However, Bradley offers no analysis or authority to show that a Washington state court would apply the negligence *per se* framework to the "knock and wait" statute. Thus, even when broadly construed, Bradley's argument is not sufficiently discernable on appeal. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

5

Moreover, as noted by the district court, Bradley presented no factual support for his assertion that his property was damaged. While Bradley asserts that there are photographs showing the damage to his door, he acknowledges that these photos were not part of the record. We therefore affirm the disposition.

Finally, we deny without prejudice Little Butte's and the Chelan County Defendants' request for appellate attorney's fees and costs under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927. Under Rule 38, when an appeal is frivolous, this court "may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. The appellees requested the award of fees and costs in their answering brief, but that is not a "separately filed motion" and did not trigger this court's authority to impose such an award under the rule.

**AFFIRMED.**