EDWARD F. EAGAN *vs.* MARR SCAFFOLDING COMPANY. December 7, 1982. (1) It was within the discretion of the trial judge to permit substitute expert witnesses to testify on the plaintiff's behalf even though supplementation of interrogatories required by Mass.R.Civ.P. 26(e)(1), 365 Mass. 776 (1974), did not occur until shortly before and during trial, where defendant long had notice of the substance of the testimony expected, where defendant had an opportunity to — and did — depose each witness before testimony was presented, and where no bad faith was shown on the part of the plaintiff. See 8 Wright & Miller, Federal Practice and Procedure § 2050 (1970). See also *Wray M. Scott Co.* v. *Daigle,* 309 F.2d 105, 110 (8th Cir. 1962); *Washington Hosp. Center* v. *Cheeks,* 394 F.2d 964, 965-966 (1968); *Martella* v. *Great Atl. & Pac. Tea Co.,* 418 F.2d 1246, 1247 (3d Cir. 1969); *DeMarines* v. *KLM Royal Dutch Airlines,* 580 F.2d 1193, 1201-1202 (3d Cir. 1978); *Dychalo* v. *Copperloy Corp.,* 78 F.R.D. 146, 147-149 (E.D. Pa. 1978); *Corley* v. *BP Oil Corp.,* 402 A.2d 1258, 1261-1262 (D.C. 1979).

(2) It was also within the judge's discretion to qualify the plaintiff's witnesses Farrell and Ryan as experts on the safety problems inherent in scaffolding. Ryan, as an inspector and supervisor of construction and training management for the division of industrial safety of the Massachusetts Department of Labor and Industries, not only had been responsible for inspecting hundreds of on-site scaffolds, but also had been considerably responsible for research on and coordination of the promulgation of safety codes specifically governing the erection and maintenance of scaffolding in Massachusetts. Farrell, whom the defendant brushed off as "a former crane operator," had been the safety director for the International Union of Operating Engineers, was a member of the Construction Safety Advisory and Health Committee for the Occupational Safety and Health Administration (OSHA), and had worked with several national organizations in the promulgation of widely recognized industrial safety codes, portions of which dealt specifically with scaffolding. The decision of the trial judge on the qualifications of an expert is one of fact and discretion and will seldom be disturbed. *Commonwealth* v. *Capalbo,* 308 Mass. 376, 380 (1941). *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.,* 362 Mass. 306, 309 (1972). *Venini* v. *Dias,* 5 Mass. App. Ct. 695, 697 (1977), and cases cited. See Liacos, Massachusetts Evidence 113 (5th ed. 1981).

(3) Whether the platform which collapsed was capable of being "secured" as required by the Rules and Regulations for the Prevention of Accidents in Construction Operations published by the Department of Labor and Industries was a question of fact, not of law. Contrast *S.D. Shaw & Sons* v. *Joseph Rugo, Inc.,* 343 Mass. 635, 639 (1962). We cannot say that expert testimony applying terms in the Rules and Regulations would not assist the jury, or that the judge abused his discretion in permitting such testimony. *Commonwealth* v. *Butynski,* 339 Mass. 151, 153 (1959).

*Thornton* v. *First Natl. Stores, Inc.,* 340 Mass. 222, 224 (1960). See Liacos, *supra* at 103. Contrast *Perry* v. *Medeiros,* 369 Mass. 836, 842 (1976).

(4) Evidence of violation of safety regulations is evidence of negligence on the part of the violator. *Perry* v. *Medeiros, supra,* at 841. *Torre* v. *Harris-Seybold Co.,* 9 Mass. App. Ct. 660, 671-672 (1980). The trial judge charged the jury accordingly.

He correctly denied defendant's motions for a directed verdict, new trial, and judgment notwithstanding the verdict. *McLaughlin* v. *Bernstein,* 356 Mass. 219, 224 (1969). *Uloth* v. *City Tank Corp.,* 376 Mass. 874, 878-881 (1978). *Bernier* v. *Boston Edison Co.,* 380 Mass. 372, 382 (1980). The orders denying those motions are affirmed and the judgment is affirmed.

*So ordered.*

*Edward S. Ronan* for the defendant.
*Charles J. O'Malley* for the plaintiff.