Gershengorn, J.
This matter comes before the court on defendant Stuart G. Pesin, M.D.’s motion to preclude the testimony of two expert witnesses, Drs. Richard Fields and Rita Demopoulos, noticed by plaintiff on November 6, 1995. Trial is scheduled to begin on November 27, 1995. For the reasons set forth below, the experts are permitted to testify at trial. They may be deposed, however, with all fees and costs of the depositions assessed to plaintiff.
BACKGROUND
This medical malpractice action arises from events occurring in November of 1989. On November 16, 1989, plaintiff, Diane M. Todisco, who was pregnant, was admitted to Winchester Hospital suffering from a premature rupture of membranes. Dr. Pesin was plaintiffs doctor. On November 20, 1989, the fetus died before birth while plaintiff was still receiving treatment in the hospital.
This action was filed in 1992. In May of 1993, a medical malpractice tribunal, convened pursuant to G.L.c. 231 §60B, found in favor of all defendants. No bond was posted and the case was dismissed. Plaintiff appealed the decision to the Appeals Court.
In August of 1994, the Appeals Court reversed the tribunal’s decision in part, reinstating the case against Dr. Pesin only. A pretrial conference was held on July 7, 1995. At that time both parties identified expert witnesses and a firm trial date was set for November 27, 1995. Dr. Elliot Oppenheim, an obstetrician, was identified as the sole expert witness for plaintiff.
On November 6, 1995, three weeks prior to trial, plaintiff produced the names of two new expert witnesses expected to testify on plaintiffs behalf at trial, Drs. Fields and Demopoulos. Dr. Fields is an obstetrician, and Dr. Demopoulos a pathologist.
Defendant objected to the late disclosure of plaintiffs experts as untimely, and requested they be precluded from testifying at trial.
DISCUSSION
Rule 26(e)(1)(B) of the Massachusetts Rules of Civil Procedure states in part that:
A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.
Defendant claims that the late disclosure by plaintiff of two new experts three weeks prior to trial is untimely, and in violation of Mass.R.Civ.Pro. 26(e)(1)(B). As a result, plaintiff argues that the testimony of the two experts be excluded from the trial.
The court has broad discretion over the conduct and scope of discovery. Solimene v. B. Grauel & Co., 399 Mass. 790, 799 (1987). More specifically, the court has wide discretion in the application of Rule 26(e)(1)(B), and in deciding whether to permit expert testimony where the proponent has not given proper notice of the identity of the expert or subject matter of testimony. Elias v. Suran, 35 Mass.App.Ct. 7, 10. rev. denied, 416 Mass. 1106 (1993); Kearns v. Ellis, 18 Mass.App.Ct. 923, 924 (rescript), rev. denied, 393 Mass. 1102 (1984).
This action was filed in 1992, yet plaintiff waited until three weeks before trial to notify defendant of the new experts. Furthermore, plaintiff did notjustify why she failed to disclose the names of these witnesses to defendant at an earlier time. Most importantly, plaintiff gave no indication in either the pretrial proceedings or in the joint pretrial memorandum that she would use a pathologist’s expert testimony.
One of the purposes of Rule 26 is to prevent a party from being prejudiced by unfair surprise. Resendes v. Boston Edison Co., 38 Mass. App. 344, 351, rev. denied, 420 Mass. 1105 (1995). Instrumental to this court’s decision to allow the pathologist’s testimony, is that defendant did not claim unfair surprise in seeking to exclude the testimony. In fact, defendant immediately responded to plaintiffs disclosure of the pathologist with the name and expected testimony of a pathologist of his own. Because defendant is prepared to meet the testimony on the merits, it is fair to allow the trial to go forward as scheduled and include the pathologist’s testimony.
The testimony of Dr. Fields, the obstetrician, is also not excluded. As defendant concedes, he had previous notice that an obstetrician would be testifying, as well as the substance of such testimony. Eagan v. Marr Scaffolding Co., 14 Mass.App.Ct. 1036 (1982) (re-script), rev. denied, 386 Mass. 1103 (1983) (substitution of experts allowed where defendant had notice of *422 the substance of the testimony and deposed the witness). For this reason it is not unfair surprise that an obstetrician testify at trial.
The fact that the case is proceeding as scheduled, however, does not prevent the court from questioning the delay tactics employed by plaintiff. Plaintiffs late disclosure of experts was a strategy meant to disadvantage defendant in the late stages of this litigation. It was clear to both parties the importance that a firm trial date be set, enabling Dr. Pesin to cancel his appointments and clear his schedule for a trial that has been anticipated since 1992. Most telling is that plaintiff failed to justify the delay in her disclosure of the experts’ identities.
As stated above, this court will allow the plaintiffs experts, Drs. Fields and Demopoulos, to testify at the trial scheduled to begin on November 27, 1995. Both experts may be deposed prior to trial, with the costs and fees associated with the depositions assessed to plaintiff.
ORDER
For the reasons set forth above, defendant’s motion is DENIED in part, and ALLOWED in part. The testimony of plaintiffs expert witnesses, Drs. Fields and Demopoulos, is permitted in the trial scheduled for November 27,1995. Depositions of the experts may be taken prior to trial with the costs and fees assessed to plaintiff.