Brassard, J.
The following actions all arise from the renovation of a softball field in Watertown, Massachusetts. A large rainstorm occurred after the renovation was completed, allegedly causing plaintiffs (Nardone Funeral Home) business to flood.
Defendants, Town of Watertown (Town) and Phelan Construction Company (Phelan), now move to strike Plaintiffs expert witness based on the fact that he was neither revealed before discovery closed nor had the qualifications to be an expert in the area of playground construction. Third-party defendant (Halvorson) joined defendants’ motion to strike plaintiffs witness. Defendants additionally move for summary judgment on the basis that without an expert witness plaintiff fails to meet the essential elements of its negligent claim against the Town and Phelan.
Plaintiff moves for summary judgment and moves to strike defendants’ motions for summary judgment based on the fact that the defendants used attorney affidavits to support their motions.
Third-party defendant moves for summary judgment and final judgment as to all claims against it, claiming that neither the plaintiff nor the defendants have established that Halvorson breached a standard of care in its design of a playground, or that the flood and resulting damage were caused by its design of the playground. Alternatively, Halvor-son argues that the reasonable use doctrine precludes liability on the part of the Town and therefore, on the part of Halvorson.
For the reasons stated below, defendants’ and third-parly defendant’s motions to strike are DENIED. Additionally, plaintiffs and defendants’ motions for summary judgment are DENIED. Third-party defendant’s motion for summary judgment and final judgment is DENIED.
BACKGROUND
The claims in this case arise out of the design and renovation to the Moxley School Playground located in Watertown, Massachusetts. On April 26, 1989, the Town entered into a contract with Halvorson for landscape architectural services in the renovation of the Moxley Playground. Phelan Construction Company was the general contractor for the project.
Following the completion of the project, a severe rainstorm occurred on October 13, 1990, resulting in a flood of the plaintiffs funeral home business. The Nardone Funeral Home, which is owned by plaintiff, is located directly adjacent to the Moxley Playground. The basement of the properly flooded and the basement and materials therein sustained water damage. At the time of the flood the storm drains surrounding the Moxley Playground were blocked by leaves, preventing the rainwater from being carried away by the drainage system. Since the October 1990 storm, plaintiffs property has not flooded.
DISCUSSION
A trial judge has broad discretion to fashion discovery orders, pursuant to Mass.R.Civ.P. Rule 26, and enjoys wide discretion in the application of that rule. Kearns v. Ellis, 18 Mass.App.Ct. 923, 924 (1984). Rule 26 states in relevant part:
(e) Supplementation of Responses — A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons haying knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony.
The court originally issued a tracking order for discovery to be completed by December 1, 1995. The Town, Phelan Construction and Halvorson argue that because plaintiff failed to supplement his April 1994 discovery responses by the time the discovery period expired his expert witness should be precluded from testifying.
Massachusetts R.Civ.P. Rule 26(e)(1)(B) requires that a “party is under a duty reasonably to supplement his response with respect to . . . the identity of each person expected to be called as an expert witness.” However, the trial judge has broad discretion in deciding whether to permit expert testimony when the proponent has not given proper notice of the identity of the expert or the subject of the expert’s anticipated testimony, either in his answers to interrogatories or in his supplementary responses. Elias v. Surah, 35 Mass.App.Ct. 7 (1993).
Here the plaintiff supplemented his expert responses one month after discovery closed and before a trial date was scheduled. Expert witnesses revealed in cases both one month and ten days before a trial have been permitted to testify. See Resendes v. Boston Edison Co., 38 Mass.App.Ct. 344 (1995); Elias v. Surah, 35 Mass.App.Ct. 7 (1993). I conclude the defendants have not been substantially prejudiced. The only apparent injury which the defendants have is writing summary judgment memoranda based on the lack of an expert witness. Accordingly, the court exercises its broad discretion and finding no prejudice to *532 the defendants, denies defendants and third-party defendant’s motions to strike.[3]
Defendants’ next claim that they should be granted summary judgment because plaintiffs expert witness is not qualified to testify on the subjects alluded to in his affidavits. Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motor Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The court has broad discretion power with respect to expert testimony. Commonwealth v. Dockham, 405 Mass. 618, 628 (1989). Whether witnesses possess sufficient knowledge to testify as to custom and usage is a preliminary question of fact for a trial judge which will not be reversed when there is sufficient evidence to warrant his conclusion. DiMarzo v. American Mutual Ins. Co., 389 Mass. 85, 104-05 (1983).
The court finds, that the affidavits submitted by the plaintiff establish that the plaintiffs witness qualifies as an expert. The affidavit which plaintiff submitted lists both the -witness’ education and work qualifications, thereby establishing a basis to find him qualified to testify on the renovation of the softball field. The question of the weight to be accorded to expert testimony is a matter of credibility inappropriate for a summary judgment motion. Therefore, defendants’ contention that they should be granted summary judgment based on lack of expert testimony fails and defendants’ motion is denied.
Third-parfy defendant, Halvorson, additionally argues that it should be granted summary judgment based on the reasonable use doctrine. The reasonable use doctrine provides that a landowner is entitled to make reasonable use of his land even though the flow of surface water may be altered causing damage to a neighboring property. Tucker v. Badoian, 376 Mass. 907, 912 (1978). Although Halvorson cites to many cases which indicate reasonable land use, See Penergrast v. Aiken, S.E. 2d 787 (N.C. 1977) (defendants blocked a stream causing a flood on the plaintiffs’ property); Butler v. Bruno, 341 A.2d 735 (R.I. 1975) (defendants stripped 42 acres to build 186 homes and constructed a drainage system materially increasing the flow of a stream adjacent to the plaintiffs property); von Henneberg v. Generazio, 403 Mass. 519 (1988) (court held that the removal of a drainage trench which prevented sewerage from backing up onto adjacent land was unreasonable), issues of reasonable use are matters of fact more properly reserved for the jury. Therefore, the court denies summary judgment on this issue.[4]
ORDER
For the above stated reasons, it is hereby ORDERED that:
1) Defendants’ Motions for Summary Judgment are DENIED;
2) Defendants’ Motions to Strike are DENIED;
3) Third-party defendant’s Motion for Summary Judgment is DENIED;
4) Third party defendant’s Motion to Strike is DENIED;
5) Plaintiffs Motion for Summary Judgment is DENIED; and,
6) Plaintiffs Motion to Strike is DENIED.

Plaintiff argues that defendant and third-party defendants’ motions for summary judgment should be stricken because they are supported by affidavit of counsel of record and that counsel may not appear as a witness on behalf of his client. Plaintiff misconstrues the purpose of the attorney affidavit. The affidavit of counsel does not address any material facts. Attorney affidavits are frequently utilized to substantiate facts which are admissible in evidence under Mass.R.Civ.P. 56(b).

Halvorson additionally raises the issue that no evidence has been discovered controverting its expert testimony to the effect that the flood resulted from clogged drains and not faulty design. Plaintiff has now presented an expert witness, discussed supra, and the court need not address this issue.