NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-227

HELMUT FLOESSER

vs.

BELMONT INSTRUMENT CORP. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Helmut Floesser, brought this action against Belmont Instrument Corporation, Belmont Instrument, LLC, BIC Holding Corporation, and Regina Herzlinger (collectively, Belmont).  A jury found in favor of Floesser on claims of breach of contract and breach of fiduciary duty.  On appeal, Belmont argues that (1) the trial judge erred in allowing a former Belmont employee to testify as a rebuttal witness because the witness was disclosed late, (2) the trial judge failed to provide adequate curative instructions to the jury, and (3) the

_____

[1] Belmont Instrument, LLC; BIC Holding Corp.; and Regina Herzlinger.  Defendants George Herzlinger, Patricia Randall, and Brian Ellacott did not participate in this appeal.

cumulative effect of these errors requires reversal of the entire judgment. We affirm.

Background. We recite the facts in the light most favorable to Floesser, the party for whom the jury found, reserving some details for later discussion. See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 401 (2021). Floesser was an employee of Belmont from approximately 2007 to 2015, then performed services for the company in a consulting role until approximately October 2016. Between 2007 and 2015, Floesser purchased 22,000 shares of stock through Belmont's equity incentive plan. In November 2017, though Belmont issued a dividend of $3.84 per share, Floesser did not receive any dividend for his shares. Then, in December 2017, Belmont entered into a merger agreement with a private equity firm. Floesser had the option of getting shares or being paid in cash. He requested cash for all 22,000 of his shares, but was only paid for 18,000 shares. In 2018, Floesser brought this action alleging a number of claims, including breach of contract and breach of fiduciary duty. On November 16, 2023, a jury returned a verdict for Floesser on the breach of contract and breach of fiduciary duty claims.

Discussion. 1. Rebuttal witness. Belmont argues that the judgment on the breach of contract claim must be reversed because the trial judge erroneously allowed the testimony of a

2

late-disclosed witness, Karen Clark.  We review a trial judge's decision to allow the testimony of a late-disclosed witness for abuse of discretion.  See Commonwealth v. Trapp, 423 Mass. 356, 363-364, cert. denied, 519 U.S. 1045 (1996) ("The trial judge has significant discretion in deciding whether late-discovered or late-disclosed witnesses should be excluded from testifying, or whether a continuance is appropriate").  A trial judge does not abuse their discretion by allowing a witness disclosed "shortly before and during trial, where defendant long had notice of the substance of the testimony expected, where defendant had an opportunity to . . . depose [the] witness before testimony was presented, and where no bad faith was shown on the part of the plaintiff."  Eagan v. Marr Scaffolding Co., 14 Mass. App. Ct. 1036, 1036 (1982).

On October 14, 2023, about two weeks before trial, Floesser filed a motion in which he requested leave to amend his witness list and present Karen Clark, a former Belmont employee, as a rebuttal witness to Belmont chief financial officer Jeff Forward.  Trial began on November 1, 2023.  On November 10, a Superior Court clerk informed the attorneys that the trial judge, after initially indicating that Clark would not be allowed to testify, was inclined to allow Clark as a rebuttal witness.  Forward testified on November 13 and Clark testified

3

as a rebuttal witness the next day.  Belmont's counsel did not ask to depose Clark before she testified.

The trial judge did not abuse her discretion in allowing Clark to testify.  First, Belmont would have already had at least some knowledge as to what Clark -- a former employee offered as a rebuttal witness to Forward -- would testify to when Belmont was put on notice roughly two weeks before trial that Floesser would seek to call Clark should Forward be allowed to testify.  Belmont brought Forward to the stand to testify to the alleged errors and deficiencies with Floesser's work, lack of documentation, and disorganization.  Given the nature of her work as a bookkeeper, Clark's rebuttal testimony to the contrary of Forward's assertions could have easily been anticipated by Belmont.  Moreover, Belmont knew that the trial judge was considering allowing Clark's testimony four days before she testified.  Thus, Belmont had the opportunity to seek to depose, and otherwise prepare to cross-examine, Clark.

As such, Belmont had sufficient notice of the expected content of Clark's testimony and time to depose her, or otherwise prepare for her testimony.  See Eagan, 14 Mass. App. Ct. at 1036.  See also Trapp, 423 Mass. at 364 (six days, three of which were long weekend, sufficient time to prepare to cross-examine two rebuttal witnesses disclosed on first day of jury empanelment).  Additionally, Belmont has offered no evidence

4

that Floesser's allegedly late disclosure of Clark as a rebuttal witness was done in bad faith. See Trapp, 423 Mass. at 364; Eagan, 14 Mass. App. Ct. at 1036. We discern no abuse of discretion.

To the extent that Belmont contends that it was prejudiced by the admission of Clark's testimony, this argument is unavailing. "The relevant inquiry is whether the defendant has sufficient time to investigate the proposed testimony. In that regard, it is the consequences of the delay that matter, not the likely impact of the nondisclosed evidence" (citation and quotation omitted). Commonwealth v. Carter, 475 Mass. 512, 519 (2016).

2. Curative instructions. Belmont argues that the judgment on the breach of fiduciary duty claim must be reversed because the trial judge failed to provide adequate instructions to cure an alleged misstatement of the law in Floesser's closing argument. Because Belmont objected to the statement at trial, "[w]e examine whether the challenged statement[ was] improper and, if so, whether [it was] prejudicial." Laramie, 488 Mass. at 417-418. "We review the challenged remark[] in the context of the entire argument, the evidence presented at trial, and the judge's instructions." Id. at 418.

During closing arguments, Floesser's counsel stated that defendants George and Regina Herzlinger breached their fiduciary

5

duty to Floesser when they "failed to pay" him.  After Belmont objected to this statement, the trial judge gave the jury an instruction that they were to take the law from her, not the attorneys.  Then, after the jury sent out a note requesting clarification on the fiduciary duty claim, the judge again instructed the jury that they were to apply the law as explained by her and in the instructions.

Viewing the challenged statement in its broader context, we conclude that Floesser's counsel did not misstate the law.  See Laramie, 488 Mass. at 418.  Floesser's counsel did not say, as Belmont suggests, that "mere failure to pay under an agreement" is a breach of fiduciary duty.  Rather, Floesser's counsel said that Belmont breached their fiduciary duty "when [Belmont] failed to pay" Floesser.  Just prior, Floesser's counsel said that Belmont breached the covenant of good faith and fair dealing, indicating that Belmont had acted in bad faith when it failed to pay Floesser.  Bad faith failure to pay in accordance with an agreement can be a breach of fiduciary duty.  See Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 727 (2013); Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407-408 (1995).  As such, Floesser's counsel did not misstate the law and therefore there was no error.

Even if Floesser's counsel did misstate the law, Belmont was not prejudiced.  In determining whether an error by trial

6

counsel was prejudicial, "[w]e consider '(1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave to the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusion.'" Fyffe v. Massachusetts Bay Transp. Auth., 86 Mass. App. Ct. 457, 472 (2014), quoting Commonwealth v. Lewis, 465 Mass. 119, 130-131 (2013).

Belmont did seasonably object to the statement and the statement related to a central issue in the case, the breach of fiduciary duty claim. However, the judge gave two instructions -- both after Floesser's closing argument and after the jury sent out a note asking for clarification on the breach of fiduciary duty claim -- to the jury that they were to take the law from her, not the attorneys. We may presume that the jury followed the judge's instructions and did not take the isolated statement -- that failure to pay constitutes breach of fiduciary duty -- into account in making its decision. See Commonwealth v. Ridley, 491 Mass. 321, 330 (2023) (jury presumed to have followed judge's instructions where alleged misstatement of law in closing argument was isolated).

Additionally, after the jury sent out their question, Floesser's counsel suggested a specific instruction that would

7

have clarified that while mere failure to pay is not a breach of fiduciary duty, failure to pay in bad faith may be. Belmont rejected this specific instruction because it was "already in [the judge's] instructions." It cannot take a different position on appeal. See Muzzy v. Cahillane Motors, Inc., 434 Mass. 409, 416 (2001) ("It is axiomatic that [a] party may not state one ground when objecting to an instruction to the jury and attempt to rely on a different ground for the objection on appeal" [quotation omitted]). Compare Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974) ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection"). Moreover, the fact that the jury awarded different damages for the breach of contract claim, for which the failure to pay was the basis, and the breach of fiduciary duty claim, indicates a lack of prejudice.

3. Cumulative effects of error. Because we discern no error in the trial judge's allowance of Clark's testimony and instructions regarding the alleged misstatements of the law, we

need not address Belmont's argument that the cumulative effect of the alleged errors requires reversal of the entire judgment.[2]

Judgment affirmed.

By the Court (Henry, Smyth &
 Toone, JJ.[3]),

Clerk

Entered:  July 14, 2025.

---

[2] Floesser's request for attorney's fees and double costs is denied.

[3] The panelists are listed in order of seniority.